70 N.J. Super. 381 (1961)
175 A.2d 500
THE CITY OF NEWARK, PLAINTIFF-RESPONDENT,
v.
EDWARD AND NELLIE JOHNSON, DEFENDANTS-APPELLANTS. THE CITY OF NEWARK, PLAINTIFF-RESPONDENT,
v.
ALPHONSO SIMMONS, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Essex County Court, Law Division, Criminal.
Decided November 8, 1961.
*383 Mr. David D. Furman, Attorney General of the State of New Jersey (Mr. Eugene T. Urbaniak, appearing), for New Jersey State Board of Child Welfare, intervening amicus curiae (Mr. Joseph T. Maloney, on the brief).
Mr. Vincent P. Torppey, Corporation Counsel of the City of Newark (Mr. Harry A. Pine, appearing), for plaintiff-respondent (Mr. Joseph A. Ward, on the brief).
MASUCCI, J.C.C.
This involves appeals from convictions in each of the above cases of violation of section 36.3(2) of the Revised Ordinances of the City of Newark, restricting the use of property within a first residence district to one-family dwellings.
The facts are not in dispute. Admittedly, the buildings in question are within a first residence district, restricted to one-family dwellings. Each of the dwellings is occupied by *384 the defendant or defendants, their respective families, and, in addition thereto, children who are wards of the State Board of Child Welfare and are not related to the defendants by blood, marriage or adoption. The charge is that permitting said ward children to live with said defendants constitutes a violation of said ordinance.
The ordinance includes a definition of the word "family" as related to "one family dwellings" referred to in said ordinance, as follows:
"A family is one or more persons who live together in one dwelling unit and maintain a common household and who are related by blood, marriage or adoption." (Emphasis supplied)
The defendants appealed from said convictions, and the State Board of Child Welfare (hereinafter referred to as the intervenor) was given leave to intervene and filed a brief on behalf of the State. The defendants did not file any brief.
The intervenor first contends that it is not aware of any municipal zoning ordinance which expressly states that a foster home, housing children under the agency's supervision, is a single family dwelling use, and yet its foster children are placed in homes in numerous New Jersey municipalities within residential districts zoned solely for single family dwellings.
Whether said statement is correct or not is neither relevant nor material. It would have no bearing on the present issues. The court's attention has not been called to any similarity of terms of any of the other zoning ordinances referred to. The failure of any other municipality to enforce its ordinance would not prevent its enforcement by the City of Newark, nor is such enforcement barred by any health legislation regulating "boarding houses" which expressly exempts children of said State Board. One affects health regulations, the other zoning ordinances, each having separate and distinct scopes and purposes and not in pari materia, although some of the purposes may be pertinent in both; *385 zoning ordinances generally relating to neighborhood planning and housing and only incidentally to public health while the other is restricted to the field of public health and related subjects.
It further urges that the city did not intend, by said ordinance, to prohibit foster children from residing with a family in a first residence district, by reason of the history and purpose of single-family use restrictions. The history and purpose of a matter, the subject of legislation, may be considered in construing legislation of doubtful meaning, but not where the express terms thereof do not allow of any doubt. The zoning ordinance here involved by express terms limits the "family" to those related by blood, marriage or adoption. Any other construction than one adopting the clear and common import of said words and terms, would do violence thereto or would require either excision of the very words of restriction or adding the words to include foster children, all of which would be remaking the legislation, contrary to its clear and express terms, which is not a judicial but a legislative function.
Nor are the cases cited by the State applicable or helpful. These foster children are not excluded under the said ordinance because they are considered boarders but only because they do not come within the permissible relationship provided therein.
Under its second point, the State contends that said ordinance conflicts with the state statute N.J.S.A. 30:4C-26. This statute, among other things, provides for the placing of foster children in a "suitable family home," which refers to the family unit, not the family housing. In no sense does the act require nor does the welfare of the child require placing the child in a one-family dwelling. On the contrary, its wording provides:
"* * * in any other suitable place which such State Board, in its discretion, may find proper and necessary for the care of the child."
*386 The elements of consideration for placement are that the home selected must be suitable, proper and necessary for the care of the child, all of which may be just as readily accomplished in multiple-family dwellings as in one-family buildings. This statute does not require placing of a foster child in a one-family dwelling. Nothing therein indicates a policy against the prohibition invoked by the zoning ordinance. Its general tone emphasizes the type and quality of the family unit, its morals and health, for the welfare of the child, rather than the type of housing unit.
Neither by its express terms nor by anything in its scope and purpose does the statute indicate a statutory policy of necessary inclusion of a one-family dwelling for the housing of said children.
N.J.S.A. 30:11A-1 is cited as evidence of the legislative policy to grant the said Board the right to place children in all suitable family homes without curtailment by local regulation. The statute cited cannot possibly be helpful to the intervenor. It is not a restrictive statute but is intended to regulate boarding houses for adult persons. It does refer to single as well as multiple dwellings, but such reference indicates that when the Legislature does intend to cover single as well as multiple family homes, it expressly so states. It did not do so in the statute here referred to, and such was not necessary for its scope or purpose. The ordinance is not in conflict with said statute.
It is finally urged that if said ordinance does apply as against foster children, it is unreasonable, arbitrary, discriminatory and void.
It is conceded that zoning ordinances restricting certain areas for single-family dwellings serve the general prosperity and welfare and are a valid exercise of police power. Collins v. Board of Adjustment of Margate City, 3 N.J. 200 (1949). However, it is contended that the ordinance, in the instant case, is arbitrary and unreasonable, at least, as against foster children.
*387 Our New Jersey Constitution empowers municipalities to enact zoning laws. Art. IV, Sec. VII, par. 11, of said Constitution requires liberal construction of its provisions. Thornton v. Village of Ridgewood, 17 N.J. 499 (1955). The essential requirements of validity of zoning ordinances are that they be reasonable and not arbitrary. The statutory requirements are, among other things, that they be enacted with reasonable consideration to the character of the area, its peculiar suitability for particular uses and with a view of conserving the value of the property and encouraging its most appropriate use. R.S. 40:55-32.
The burden of proving the unreasonableness of said zoning restriction is upon those who attack its validity. Iannella v. Piscataway Township, 142 N.J. Eq. 763 (Ch. 1947).
It is urged that said ordinance is invalid because the exclusion of all persons not related to the occupant does not bear a real and substantial relation to public health, safety, morals, convenience or welfare. However, contrary to the intervenor's contention, the family status, as defined and restricted by said ordinance, does have a bearing toward preventing overcrowding of a one-family building. Without its restriction it could open the door to increasing the occupants to the extent of the increased number of the additional foster children taken in and increasing the number of additional children in the neighborhood. Also to be considered is that the greater number of children in the area may also affect real estate values in the locality.
The question of the effect of said ordinance with reference to children who are placed with families in contemplation of adoption is not now before the court. The children in question do not come within that category. At the appropriate time consideration could be urged that the ordinance and statute, being in pari materia, should be read together, and that the words "adopted children" be construed as inclusive of children legally contemplated to be adopted and placed in the process of adoption proceedings. This court, *388 therefore, concludes that said ordinance is not arbitrary nor unreasonable and is not constitutionally invalid.
For the reasons stated, the defendants are adjudged guilty of the charges against them respectively and fined $100 in each case. If the defendants desire to be heard on the amount of the fine, they will be given an opportunity to be heard, if they will advise the court of such desire.